# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

IDELLA JENKINS AND
EMMITT JENKINS                                                                PLAINTIFFS

VERSUS                                                   CIVIL ACTION NO. 4:08CV121-P-S

KELLOGG COMPANY; FAMILY DOLLAR
STORES OF GREENVILLE, MISS., INC. AND
UNKNOWN DEFENDANTS A-D                                            DEFENDANTS

## MEMORANDUM OPINION

This cause is before the Court on the defendant Family Dollar Stores' Motion to Dismiss [12] and the plaintiffs' Motion to Remand [17]. The Court, having reviewed the motions, the responses, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

FACTUAL BACKGROUND

The Complaint alleges a right to recovery by plaintiffs for injuries allegedly sustained when plaintiffs ingested Raisin Bran cereal infested with insects. The Jenkinses allege that Kellogg Company manufactured and packaged the cereal. Family Dollar Stores accepted shipment of the contaminated cereal and later sold it to the plaintiffs on or about October 31, 2006. The following day, November 1, 2006, Ms. Jenkins opened the box, and began to consume the contents. While eating the cereal, she discovered insects in the cereal. Further inspection revealed a multitude of insects in the box.

Plaintiffs later filed suit in the County Court of Washington County on August 21, 2008 seeking recovery under state law under theories of negligence, negligence per se, breach of implied warranty of merchantability, res ipsa loquitur, negligent training and supervision, negligent misrepresentation, gross negligence and Mississippi's products liability law. Defendant Kellogg Company removed the suit to federal court on September 22, 2008. The jurisdictional basis for the removal was diversity of citizenship and an amount in controversy in excess of $75,000 exclusive of interest and costs. 28 U.S.C. § 1332. However, because the plaintiffs are Mississippi citizens, as is defendant, Family Dollar Stores, Kellogg Company necessarily relied on an improper joinder theory to support the removal. Plaintiffs filed a motion to remand challenging the timeliness of the removal and the existence of subject matter jurisdiction. The matter has been fully briefed and the Court is ready to rule.

LEGAL ANALYSIS

I.  Timeliness of the Removal

As mentioned earlier, plaintiffs' motion contends the removal was defective on a number of grounds including its timing. In accordance with 28 U.S.C. § 1446(b), defendant had to accomplish the removal "within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." Plaintiffs filed the complaint on August 21, 2008; Kellogg Company filed its Notice of Removal on September 22, 2008. Although more than thirty days elapsed from the time plaintiffs filed their Complaint to the removal, plaintiffs' argument is unavailing. The time for removal ran, not from the time of the filing of the initial pleading, but upon its <u>service</u> on the defendant.

Assuming plaintiffs effected service the day after they filed their Complaint,[1] the deadline for removal fell on September 21, 2008. However, that day was a Sunday. Pursuant to Federal Rule of Civil Procedure 6(a)(3):

> The following rules apply in computing any time period specified in these rules or in any local rule, court order, or statute:
>
> . . .
>
> (3) Last Day. Include the last day of the period unless it is a Saturday, Sunday, legal holiday, or–if the act to be done is filing a paper in court–a day on which weather or other conditions make the clerk's office inaccessible. When the last day is excluded, the period runs until the end of the next day that is not a Saturday, Sunday, legal holiday, or when the clerk's office is inaccessible.

F.R.C.P. 6(a)(3). Accordingly, the deadline for removal was the following day, September 22, 2008–the same day defendant filed its Notice of Removal.

II.     Removal Jurisdiction

Plaintiffs also contend this Court lacks removal jurisdiction because defendant cannot establish either of the elements necessary for diversity jurisdiction, e.g., complete diversity of parties and an amount in controversy in excess of $75,000.00.

    A.     Improper Joinder

It is axiomatic that the party seeking removal bears the burden of proving the jurisdictional prerequisites. Where the basis for removal is diversity jurisdiction based on an allegation of improper joinder, the defendant bears a heavy burden in establishing the right to a federal forum. The removing defendant must present clear and convincing evidence of improper joinder to avoid remand. Rogers v. Modern Woodmen of America, 1997 WL 206757, *2 (N.D. Miss. 1997).

---

[1] The record does not indicate an exact date of service.

Fraudulent joinder may be proven in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. Travis v. Irby, 326 F.3d 644 (5th Cir. 2003). Only where a plaintiff cannot posit a reasonable basis for predicting that state law would allow recovery may a defendant prevail on an allegation of fraudulent joinder.

The existence of a cognizable claim is to be determined by reference to the allegations contained in the plaintiff's state court pleadings. Ironworks Unlimited v. Purvis, 798 F. Supp. 1261, 1263 (S.D. Miss. 1992). The Court is also free to pierce the pleadings by considering summary judgment-type evidence such as affidavits and deposition testimony. Carriere v. Sears, Roebuck and Co., 893 F.2d 98, 100 (5th Cir. 1990). But in doing so, however, the Court must remain mindful not to overstep its province by transforming the jurisdictional inquiry into one that is merits-based. B, Inc. v. Miller Brewing Co., 663 F.2d 545 (5th Cir. 1981). In determining whether the joinder of a party was improper, the district court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of fact in favor of the plaintiff." B., Inc. v. Miller Brewing Co., 663F.2d 545, 549 (5th Cir. 1981). Similarly, any uncertainties in the substantive law must also be resolved in favor of the plaintiff. Head v. United Ins. Co. of America, 966 F. Supp. 455, 457 (N.D. Miss. 1997).

In the instant case, plaintiffs insist their Complaint states an actionable claim against the nondiverse defendant, Family Dollar Stores. By contrast, defendant Kellogg Company insists (as does Family Dollar Stores by way of its corresponding Motion to Dismiss) that both the law and the facts foreclose any reasonable possibility of recovery against the retailer defendant. The Complaint includes the following allegations:

4

13. Sometime before Tuesday, October 31, 2006, Defendant Kellegg's produced and/or manufactured a box of Kellogg's Raisin Brand [sic] cereal contaminated and defected [sic] with insects, bugs, and other foreign matter. Upon information and belief, Defendant Kellogg's knew or should have known that it manufactured and produced a said box of cereal contaminated and defected [sic] with insects, bugs, and other foreign matter.

14. Sometimes before Tuesday, October 31, 2006, Defendant Family Dollar kept its premises located at 2101 Highway 82 East, Greenville, Mississippi, in an unsanitary, deplorable condition in which said Kellogg's Raisin Brand [sic] cereal was contaminated and defected [sic] with insects, bugs, and other foreign matter. Upon information and belief, Defendant Family Dollar knew or should have known that its premises were unreasonably safe [sic] and kept in an unclean, unsanitary matter which created an environment for infestation [sic] and contamination of food products, particularly said box of cereal.

15. On Tuesday, October 31, 2006, Mrs. Idella Jenkins went into a Family Dollar Store, Store #:04820, located at 2101 Highway 82 East, Greenville, Mississippi, to purchase some items including her favorite box of cereal, Kellogg Raisin bran cereal, expiration date March 13, 2007. At all times complained herein, said Kellogg's Raisin Bran cereal was packaged, sealed, and unopened, and contents of box of cereal were in same condition as when said box of cereal was delivered to Defendant Family Dollar.

Plaintiffs' Complaint at p. 6-7.

Paragraph 14 includes allegations which attempt to lay the factual foundation for a claim against Family Dollar Stores. However, paragraphs 13 and 15 belie that effort. Paragraph 13 alleges that defendant Kellogg Company produced and/or manufactured the cereal contaminated with insects. Likewise, paragraph 15 alleges that the box of cereal was "<u>packaged, sealed, and unopened, and contents of box of cereal were in same condition as when said box of cereal was delivered to Defendant Family Dollar</u>." Id. Giving credit to the factual allegations of the Complaint, there is simply no way that defendant Family Dollar Stores was in any way responsible for the contamination and infestation of the box of cereal, even accepting as true the allegation that said defendant "kept its premises . . . in an unsanitary, deplorable condition . . . ."

5

As a further matter, plaintiffs cannot demonstrate a reasonable likelihood of recovery against Family Dollar Stores on any of the theories of law advanced in the Complaint. Despite plaintiffs' resort to various legal theories, the Jenkinses' claim falls under the aegis of products liability. Accordingly, it must be considered under the framework of the Mississippi Products Liability Act. The Act confines recovery for personal injury to those instances in which a plaintiff can demonstrate defective manufacture, defective design, inadequate warning or breach of express warranty.[2] More importantly, subsection (h) of Mississippi Code Annotated § 11-1-63 now provides:

> (h) <u>In any action</u> alleging that a product is defective pursuant to paragraph (a) of this section, <u>the seller of a product other than the manufacturer shall not be liable unless the seller exercised substantial control over that aspect of the design, testing, manufacture, packaging or labeling of the product that caused the harm for which recovery of damages is sought; or the seller altered or modified the product, and the alteration or modification was a substantial factor in causing the harm</u> for which recovery of damages is sought; <u>or the seller had actual or constructive knowledge of the defective condition of the product</u> at the time he supplied the product. <u>It is the intent of this section to immunize innocent sellers who are not actively negligent, but instead are mere conduits of a product.</u>

Miss. Code Ann. § 11-1-63(h) (emphasis added).

Applying the statute to the facts of the present case, it is established fact that Family Dollar Stores did <u>not</u> exercise any control over the manufacture, production or packaging of the Raisin Bran cereal in question. Furthermore, Family Dollar Stores merely accepted delivery of the finished product for sale in its stores; it did not alter or modify the product in any manner whatsoever. Finally, because the box of cereal was "packaged, sealed and unopened" at all times prior to the Jenkinses' consumption thereof, Family Dollar Stores had neither actual nor constructive knowledge of the product's defective condition. In short, Family Dollar Stores is an "innocent seller" entitled

---

[2] Other theories of liability may apply where the plaintiff seeks recovery for commercial damage to the product itself. <u>Miss. Code Ann.</u> 11-1-63.

6

to immunity under the statute. That immunity, as interpreted and applied by numerous federal district courts in Mississippi, extends to all theories of liability, including breach of implied warranty.[3] Land v. Agco Corp., 2008 WL 4056224 (N.D. Miss. 2008); Willis v. Kia Motors Corp., 2007 WL 1860769 (N.D. Miss. 2007); Jones v. General Motors Corp., 2007 WL 1610478 (S.D. Miss. 2007); Collins v. Ford Motor Co., 2006 WL 2788564 (S.D. Miss. 2006). Accordingly, under the facts as pled in the Complaint and the applicable law, the Court is constrained to conclude that plaintiffs have no reasonable basis of recovery against Family Dollar Stores.

  B.  Amount in Controversy

Plaintiffs' also argue that the amount in controversy is less than the jurisdictional minimum. In a case such as this one, where the plaintiff fails to allege a specific amount of damages, the defendant must show by a preponderance of the evidence that the amount in controversy actually exceeds $75,000. DeAguilar v. Boeing, 47 F.3d 1404, 1410-11 (5th Cir. 1995); Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1342 n. 14 (5th Cir. 1995). A defendant may do so in one of two ways. First, a defendant can establish that it is facially apparent from the plaintiff's complaint that the amount in controversy exceeds § 1332's jurisdictional minimum. Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999). Second, the defendant can establish the facts in controversy through the removal petition or by accompanying affidavit. Id. Defendant relies on the former method, e.g., it maintains that it is facially apparent that the amount in issue exceeds $75,000. Defendant points out that plaintiffs seek compensatory damages for medical expenses, mental

---

[3] Neither the Mississippi Court of Appeals nor the Supreme Court have addressed this issue. Plaintiffs tout this dearth of controlling precedent as an "uncertainty" in the substantive law that must be construed in their favor. Notwithstanding their fervor, the Court declines to seize on this mere theoretical possibility as a basis for remand.

anguish, emotional distress, pain and suffering and lost wages. In <u>Holmes v. Citifinanacial Mortgage Co., Inc.</u>, the Court noted that "Mississippi juries routinely award damages for pain and suffering and/or mental or emotional damages in excess of $75,000." 436 F. Supp.2d 829 (N.D. Miss. 2006). Plaintiffs also seek punitive damages. "[F]ederal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages under Mississippi law is deemed to exceed the amount necessary for federal jurisdiction." <u>Brasell v. Unumprovident Corp.</u>, 2001 WL 1530342 (N.D. Miss. 2001). Finally, and most revealing, on June 30, 2008, plaintiffs made a settlement demand upon Kellogg in the amount of $190,000–the plaintiffs' lowest and final settlement offer prior to filing suit. Based on the foregoing facts and the persuasive authority cited by defendants, the Court concludes that the defendants have satisfactorily proven that the amount in controversy exceeds $75,000 and that the exercise of this Court's jurisdiction is appropriate.

## CONCLUSION

Based on the foregoing facts and analysis, the Court concludes that defendant Family Dollar Stores' Motion to Dismiss [12] is well-taken and should be granted. Plaintiffs' Motion to Remand [17] is not well-taken and should be denied. Appropriate orders will issue forthwith.

This, the 6th day of July, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE